BUKER E. MARTIN ET AL.

v.

ANDREW J. FIELD.

*Negotiable Instruments—Note—Real Property—Sale—Vendor's Lien—Evidence.*

Upon a bill to enforce a vendor's lien for a purchase money note, the decree of the Circuit Court is affirmed, the sole question being as to alleged payment thereof.

[Opinion filed November 23, 1889.]

IN ERROR to the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for plaintiffs in error.

Messrs. O. P. THOMPSON, E. P. KIRBY and C. A. BARNES, for defendant in error.

CONGER, J. This was a bill in chancery, brought by appellee against appellants to enforce a vendor's lien. The bill alleges that in 1879 Field sold a lot of ground in Jacksonville, Illinois, to Martin, for $1,000, receiving therefor $200 in cash and Martin's note for the remaining $800, due in five years, bearing eight per cent interest; that no part of the note had been paid, and praying for the enforcement of a vendor's lien. The answer admits the purchase and the

price, as alleged in the bill, the payment of the cash and the giving of the note, but sets up, as a defense to the proceeding, that in 1880, by agreement of the parties, Martin conveyed the land to the wife of Field, for her life, and that of her husband (appellee), with remainder to his own wife, Mrs. Martin, by which the note was paid, the lien discharged and the note surrendered to appellant.

A general replication was filed, the cause referred to a master, and upon the evidence taken the court below found that the note had not been paid, but that there was due upon it the sum of $1,370.95, and a decree was entered accordingly. The whole controversy is one of fact and it would serve no good purpose to review the evidence upon this question.

We have carefully read it and are fully satisfied that it sustains the finding of the Circuit Court.

The decree will be affirmed.

*Decree affirmed.*